CHARLES E. CAMERON, Respondent, *v.* PURDUE REALTY COR-
PORATION, Appellant, Impleaded with THE CITY OF NEW YORK,
Defendant.

First Department, December 26, 1930.

*James I. Cuff,* for the appellant.

*Samuel Nirenstein* of counsel [*Julius J. Nirenstein, Harris Jay
Griston, Charles E. Rhodes* and *William A. Hyman* with him on
the brief], for the respondent.

FINCH, J. This is an appeal from a judgment in favor of the
plaintiff and against the defendant, appellant, in the sum of $35,000,
in an action for damages for personal injuries sustained by the
plaintiff in tripping over a mat laid between the front door of an
apartment house and the curb.

The judgment must be reversed and a new trial granted upon
the ground of error in the charge.

The accident occurred between ten and eleven o'clock in the morning on a clear day. Plaintiff testified that as he walked along the sidewalk and when about half way down the block he saw a rubber mat which extended from the building of the defendant across the sidewalk to the curb. He paid no further attention to it until he drew nearer, when he saw the edge of the runner on the side towards Fifth avenue was ragged, torn, black and evidently very old. There were small pieces missing and a couple of loops separating it from the pavement, which latter he observed when he approached within two or three feet of the mat. As he saw this he instinctively raised his foot to go over it, but his foot became entangled in one of the loops. In consequence he was thrown violently upon the mat and the pavement beyond the mat. The plaintiff also described the mat as one with perforations to let the rain through. A mat was introduced in evidence as an exhibit and, by stipulation, is before this court. The exhibit is a thin rubber mat, in excellent condition, with no perforations.

The trial court charged the jury as a matter of law that the presence of the mat on the sidewalk in front of the premises of the defendant was unlawful and constituted a nuisance *per se.* " I charge you, * * * there being nothing in the evidence indicative of the fact that permission was granted this defendant to maintain a rubber mat on the streets, this defendant as a matter of law must be considered by you as guilty of a nuisance * * *. If you determine, therefore, that this plaintiff was injured, that he suffered his catastrophe because of the existence of that mat, then, irrespective of whether this defendant exercised care in the maintenance of that mat or not, this plaintiff is entitled to your favorable consideration and will be entitled to a verdict in an amount which will be admeasured in accordance with the rule which I will explain and define to you." Following out further the same principle, the court also denied the following request to charge of the defendant: " I ask your Honor to charge that if the jury finds that the runner was in good condition, properly laid, and did not interfere to any appreciable or unreasonable extent with the use of the sidewalk by pedestrians, then it did not constitute an unlawful obstruction and nuisance."

In other words, the court held that as the defendant did not have a permit to spread this mat on the sidewalk, therefore, if plaintiff tripped over the mat, the defendant was liable. This was error. There are certain reasonable uses of the sidewalk which are not nuisances. It is only such a use of the street or sidewalk as constitutes an obstruction to traffic that is a nuisance. (*Melker* v. *City of New York*, 190 N. Y. 481, 485; *McCloskey* v. *Buckley*,

223 id. 187.) In the latter case the court said (at p. 192): " The owner in this case cannot be held liable for placing the posts unless it appears that he disregarded the dictates of ordinary prudence which would warn him to set them firmly in the ground. * * * No hard and fast rule can be formulated. This case more closely resembles the precedents dealing with grass plats, shade trees, stones placed at the entrance to private driveways, stepping stones, hitching posts and the like, * * * where the object complained of is in itself usual, reasonable or necessary in connection with the use of the street by the owner of the premises and, therefore, lawful for highway purposes, than the cases where the traveled portion of the street or sidewalk is used for the mere convenience of the owner of the premises, to ' eke out the inconvenience of his own premises ' for a purpose other than a street purpose, materially rendering the street itself less commodious or safe for ordinary uses by the public."

At the conclusion of the main charge and most of the requests, two requests were charged by the court which seem somewhat contradictory to what had gone before and apply, though inconclusively, the correct principle. It cannot successfully be contended, however, that by these two requests the erroneous theory of the whole charge elucidated at length had been changed through merely charging these two requests of counsel, which, as noted, apparently were contradictory to what had gone before. If such contradiction was the intent, it should have been directly and plainly expressed. Respondent calls attention to an ordinance of the city of New York which reads as follows: " No person shall, except as otherwise provided in this code, incumber or obstruct any street, dedicated or acquired for public use, with any article or thing whatsoever." (Baldwin's New York Code of Ordinances, chap. 23, art. XIII, § 140.) It should be noted that this ordinance relates to incumbrances and obstructions and it is provided that certain of these, such as show cases and the like (§§ 145, 147), may be licensed because of usage and custom. Inconsequential uses cf the sidewalk, such as the placing of a carpet or mat during inclement weather, has never been held to be within the terms of the statute. If it is deemed necessary in the interest of the public that everything upon the sidewalk or street, whether amounting to an obstruction of traffic or not, should be licensed, the ordinance must so state and not solely provide that certain things which incumber or obstruct the street must be licensed. To require a license for everything whatsoever upon the sidewalk or street would work a decided change in the customs and habits of those dwelling in the city of New York, and such change should not rest upon obscure or uncertain language.

The issue whether the mat was laid with due care upon the sidewalk must be presented to a jury in a proper charge.

The judgment and order appealed from, therefore, should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.